[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT
Defendants James E. Bleuer and Julie LeBlanc Bleuer move for summary judgment on the ground plaintiff Joseph Pillar's claim is barred by the exclusivity provisions of the Workers' Compensation Act. See Gen. Stat. §§ 31-284(a) and 31-293a. For the reasons stated below, the motion is granted.
The plaintiff claims that he was injured as a consequence of the negligence and carelessness of the defendants. At the time the plaintiff was injured, he was employed by Casa Verde Gardens, Inc., which operates a garden center at 3611 Post Road in Fairfield. The sale of Christmas goods is a major percentage of the garden center's annual sales. Each year, leftover Christmas items are stored in a garage attic at the Bleuer home, which is located less than a mile from the garden center. On January 26, 1996, the plaintiff, at the direction of Edwin Brown, manager of CT Page 3951 Cass Verde, was moving boxes of Christmas items from the garden center to the garage attic of the Bleuer home. He fell through a portion of attic floor and struck his nose on an floor joist. The plaintiff received workers' compensation benefits for his injury. He now seeks compensation for his injury from the Bleuers.
At the time the plaintiff was injured, Joseph E. Bleuer was the vice-president of Casa Verda Gardens, Inc. and Julie LeBlanc Bleuer was the president and bookkeeper of the company. They claim they are immune from this suit under the exclusivity provisions of the Workers' Compensation Act. General Statutes § 31-275 et seq. They contend the plaintiff's claim is barred by the fellow employee rule, which is set forth in General Statutes § 31-293a.[1]
The plaintiff claims an exception exists in this case to the fellow employee rule under the dual capacity doctrine. The plaintiff claims that the defendants acted in the capacity of co-workers and in the capacity of homeowners. The dual capacity or dual persona doctrine has been applied in the context of determining whether an employer "possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person." 6 A. Larson, Workers' Compensation Law (1997) § 72.81, p. 14-290.88. This doctrine was discussed, but not followed, in Panaro v. Electrolux Corporation,208 Conn. 589 (1988). Here, we are concerned with employees. After examining the Workers' Compensation Act and the cases interpreting it, this court concludes that an exception to the fellow employee rule should not be created under the circumstances of this case. "The act provides the exclusive remedy to employees sustaining work related injuries or death from such injuries `caused by the negligence or wrong of a fellow employee . . . unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle . . .' General Statutes §31-293a." Mingachos v. CBS, Inc., 196 Conn. 91, 113 (1985).
The motion for summary judgment is granted.
THIM, JUDGE